UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                    )<br>              Plaintiff,            )<br>                                    )<br> v.                                 )<br>                                    )<br> ROBERTO GARCIA,                    )<br>                                    )<br>              Defendant.            )<br> _____) | No. CR-05-204-FVS-2<br><br>ORDER GRANTING THE UNITED<br>STATES' MOTION TO RECONSIDER<br>AND WITHDRAWING ORDER<br>SETTING RELEASE CONDITIONS |

At the November 21, 2005, hearing on the United States' Motion to reconsider this court's Order setting release conditions, based upon the availability of new information, Defendant appeared with counsel Jeffrey Niesen; Assistant U.S. Attorney Earl A. Hicks represented the United States. Spokane County Deputy Sheriff Jay McNall testified and was cross-examined. The parties viewed a video proffered by the United States.

The court, having considered the proffers of Defendant and Plaintiff, finds, for the limited purpose of the bail matters, that there allegedly were firearms seen outside of Defendant's residence and in his presence. It also appears that evidence of methamphetamine manufacture was found at Defendant's residence. Defendant allegedly told Pretrial Services he came to Spokane to visit on October 10, 2005; however, the evidence suggests he had been living in Spokane at least since early September 2005.

There also is evidence of recent marijuana use by Defendant

ORDER GRANTING THE UNITED STATES' MOTION TO RECONSIDER
AND WITHDRAWING ORDER SETTING RELEASE CONDITIONS - 1

while around firearms, in contrast to his alleged statement that his only use of controlled substances was "on an experimental basis" when in high school.

The court concludes the United States has met its burden of establishing by a preponderance of the evidence that at this time there is no combination of conditions to reasonably assure Defendant's timely appearance for court dates. The court further finds Defendant currently is not supervisable.

Defendant may revisit these issues by written motion, filed and served, and after submitting to a chemical dependency evaluation (evaluation report to be provided under seal, *ex-parte*, to the court, with pre-evaluation execution of mutual releases that permit full access by Pretrial Services to the medical provider conducting the assessment). In addition, any motion to revisit these issues, if inpatient treatment is indicated, must include exploration of structured aftercare in a location close to the court.

**IT IS ORDERED:**

1.  The United States' Motion **(Ct. Rec. 28)** is **GRANTED.** This court's prior Order setting release conditions (Ct. Rec. 22) is **WITHDRAWN.** Defendant shall be held in detention pending disposition of this case or until further order of the court.

2.  Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3.  Defendant shall be afforded reasonable opportunity for private consultation with his counsel.

4.  If the Defendant seeks review of this Order pursuant to 18

1  U.S.C. § 3145(b), attorney for Defendant shall file a written motion
2  for revocation or amendment of this Order within ten (10) days
3  before the district judge to whom this case is assigned and note it
4  for hearing at the earliest possible date.  Both parties are
5  responsible to ensure the motion is determined promptly.
6  　　　　DATED November 22, 2005.

8  　　　　　　　　　　　　　　S/ CYNTHIA IMBROGNO
   　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE